UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kentrell D. Welch,<br><br>    Plaintiff<br><br>v.<br><br>Dr. Robinson, et al.,<br><br>    Defendants | Case No.: 2:24-cv-00500-JAD-BNW<br><br>**Order Screening First Amended Complaint and Granting Leave to Amend by May 30, 2025**<br><br>[ECF No. 10] |

Plaintiff Kentrell Welch brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Eighth Amendment rights were violated over a span of several years when he did not receive adequate care for his left eye in various facilities run by the Nevada Department of Corrections. Because Welch applies to proceed *in forma pauperis*,[1] I screen his first amended complaint under 28 U.S.C. § 1915A. Having done so, I find that Welch has failed to state a colorable claim, so I dismiss his pleading with leave to file a second amended complaint by May 30, 2025.

**Background**

**A.    Welch's factual allegations**[2]

It is unclear when Welch was confined at each prison, but his first amended complaint (FAC) covers the time span of 2018 to July 2024. Welch was first confined at Nevada's Ely State Prison (ESP), then the High Desert State Prison (HDSP), and then the Northern Nevada Correctional Center (NNCC). Welch claims that he received inadequate eye care at all three

---

[1] ECF No. 1.

[2] This is a summary of allegations and is not to be construed as factual findings.

facilities, leaving him with an irreparable retinal detachment in his left eye, a risk of going partially blind, and (potentially) degenerative eye disease. Welch also claims that he suffers from "extreme eye pain, bulging, redness, scratchiness, severe blurriness, a large gray mass around his cornea, random headaches, and severe light sensitivity."[3]

Although it is unclear when, exactly, Welch was confined at each prison, he must have been at HDSP in 2018, because he alleges that Dr. Leakes stated in a report that Welch refused an eye exam at HDSP in 2018. Welch says he didn't refuse this exam, but either way, because Welch was at ESP before HDSP, Leakes's report also puts Welch at ESP in 2018 or earlier. In September 2019, Welch was transferred from HDSP to NNCC. The Leakes report stated that Welch had no serious eye needs, which couldn't have been true because Welch had three LASIK eye surgeries after transferring to NNCC. An optometrist at NNCC told Welch that he has a detached retina and degenerative eye dryness, though the optometrist was "unsure if he had developed thyroid eye disease." Welch believes that this optometrist refused to send him to the Reno Eye Institute in order to save money for the Nevada Department of Corrections (NDOC).[4]

**B.  Welch's claims**

The only defendant in the caption of the FAC is Dentist Robinson. Reading the body of the FAC in Welch's favor, it seems that Welch also intends to sue Dr. Leakes and the unnamed optometrist at NNCC.[5] Welch asserts an Eighth Amendment claim for deliberate indifference to serious medical needs. He asks for monetary damages.

---

[3] ECF No. 10 at 2–3 (cleaned up).

[4] *Id*. at 2–3.

[5] *See id*. at 3 (partially attributing the severity of Welch's eye injuries to Leakes); *id*. at 2 (referring to the optometrist as an unnamed defendant contracted to work at NNCC); s*ee Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[T]he question of whether a defendant is properly in a case is not resolved by merely reading the caption of a

**Discussion**

**A.     Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[6] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[7] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[8]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[9] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[10] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[11] but a plaintiff must provide more

---

complaint. Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.").

[6] 28 U.S.C. § 1915A(a).

[7] *Id*. § 1915A(b)(1)(2).

[8] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[9] *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[10] *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[11] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

than mere labels and conclusions.[12] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[13] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14]

**B.     Welch doesn't satisfy the subjective prong of an Eighth Amendment deliberate-indifference claim.**

The Eighth Amendment gives prisoners the right to be free from deliberate indifference to their serious medical needs.[15] To establish a violation of this right, "a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[16] An objectively serious medical need is one that, left untreated, "could result in further significant injury or the unnecessary and wanton infliction of pain."[17] And deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[18] "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[19]

---

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[14] *Id*.
[15] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).
[16] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014)).
[17] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).
[18] *Id*. (internal quotations omitted).
[19] *Id*. (internal quotations omitted).

I find that Welch satisfies the objective prong of this claim, but not the subjective one. The alleged condition of Welch's left eye, including a retinal detachment and a range of symptoms that cause pain and affect his vision, is objectively serious.[20] But Welch needs to allege more facts to show that a defendant was deliberately indifferent to this condition. Welch doesn't mention Dentist Robinson in the body of the FAC, so there's no basis to infer that Robinson had any involvement in treating (or not treating) Welch's left eye condition. That lack of personal involvement dooms any claim against Robinson.[21]

With respect to Dr. Leakes and the unnamed optometrist, Welch provides little to no context about his interactions with them. Welch says that he got inadequate eye treatment between 2018 and 2024 and that Leakes prepared a report with some false statements at some point within that wide time frame. But it's unclear what the nature of Leakes's employment was when he prepared the report, where Welch was housed at that time, whether Leakes examined Welch, and what shape Welch was in when Leakes examined him or prepared the report. According to the FAC, Leakes falsely stated that Welch (1) refused an eye exam at HDSP in 2018 and (2) had no serious eye needs. But (1) the mere act of making a false statement about a prisoner in a report is not a constitutional violation,[22] a (2) without more facts to explain the context leading to Leakes reporting Welch had no serious eye needs, I cannot find that this statement shows deliberate indifference rather than, say, negligence.[23]

---

[20] *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (holding that blindness in one eye is a serious medical need).

[21] *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

[22] *See Hart v. Parks*, 450 F.3d 1059, 1069 (9th Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693, 711–12 (1976) ("Damage to reputation alone is not actionable under § 1983.")).

[23] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical

Welch alleges that he met the unnamed optometrist after transferring to NNCC in September 2019, at which time the optometrist diagnosed Welch with a left retinal detachment and degenerative eye dryness. Welch believes that the optometrist chose not to send him to the Reno Eye Institute to save the NDOC money. If that belief were supported by some facts, then the optometrist might rightly be considered deliberately indifferent.[24] As it stands, however, Welch's subjective belief about the optometrist's motivation is entirely unsupported by any facts from which this court could draw an inference that the motive was to save the department money. And a belief that is unsupported by facts is not enough to state a colorable claim for relief.[25] So I dismiss this claim.

## C. Leave to amend

But because it appears that Welch may be able to cure the deficiencies of this Eighth Amendment claim for deliberate indifference to serious medical needs with respect to his left eye condition by stating additional facts, this dismissal is with leave to amend to attempt to replead this claim. Welch does not have leave to add new claims. To show that a defendant was deliberately indifferent to his left eye condition, Welch needs to plead facts to show how each defendant knew about that condition, disregarded that condition, and caused harm as a result. In doing so, Welch should provide more facts about the context of his interactions with each

---

mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

[24] *See Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) ("[Prison] medical staff must be competent to examine prisoners and diagnose illnesses. [They] must be able to treat medical problems or to refer prisoners to others who can. Such referrals may be to other physicians within the prison, or to physicians or facilities outside the prison if there is reasonably speedy access to these other physicians or facilities.").

[25] *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").

defendant, such as the approximate date he interacted with a particular defendant, what prison he was housed at when he interacted with a particular defendant, what entity employed each defendant, the condition of his left eye when he interacted with a particular defendant, and whether or not he received any treatment as a result of his interaction with a particular defendant.

If Welch chooses to file a second amended complaint, he is advised that an amended complaint replaces the preceding complaint, so the second amended complaint must be complete in itself.[26] This means that Welch's second amended complaint must contain all claims, defendants, and factual allegations that Welch wishes to pursue in this lawsuit. Welch must file the second amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "Second Amended Complaint." Welch must follow the instructions on the form. **Welch must file the second amended complaint by May 30, 2025.**

## Conclusion

IT IS THEREFORE ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **SEND** Welch the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of the FAC (ECF No. 10).

IT IS FURTHER ORDERED that **the FAC is DISMISSED in its entirety with leave to amend** by May 30, 2025.

---

[26] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

7

If Welch chooses to file a second amended complaint, he must use the approved form and write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.  **If Welch does not file a second amended complaint by May 30, 2025, this action will be dismissed without prejudice for failure to state a claim and closed without further prior order.**

Dated: April 14, 2025

_____
U.S. District Judge