**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Kentrell D. Welch,<br>Plaintiff,<br>v.<br>Robinson et al.,<br>Defendants. | Case No. 2:24-cv-00500-JAD-BNW<br><br>**REPORT AND RECOMMENDATION** |

On May 29, 2025, Plaintiff filed a second amended complaint against several defendants, including Defendant Leakes and Defendant Robinson. ECF No. 12. Due to a temporary stay, the deadline to serve these Defendants was April 20, 2026. ECF No. 18. The U.S. Marshals Service attempted service on Leakes and Robinson, but service was refused at the address Plaintiff provided. ECF Nos. 26, 27. After Plaintiff failed to file a notice regarding the status of service, he was given until May 5, 2026, to file an appropriate motion. ECF No. 28. He failed to do so.

Plaintiff was then given until July 13, 2026, to serve Leakes and Robinson. ECF No. 33. Shortly after, Plaintiff moved for an additional extension of time to serve these Defendants. ECF No. 35. This Court denied that motion for lack of good cause. ECF No. 36. Plaintiff moved for another extension of time on July 2, 2026. ECF No. 37. This motion was denied on similar grounds. ECF No. 38.

The July 13, 2026, deadline to serve Leakes and Robinson has now passed. For the reasons discussed below, this Court recommends Plaintiff’s claims against Leakes and Robinson be dismissed without prejudice.

## I. DISCUSSION

Pursuant to Fed. R. Civ. P. 41(b), courts may dismiss an action sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court’s orders. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (affirming the district court’s dismissal for

plaintiff's failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action, the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig*., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv*., 833 F.2d 128, 130 (9th Cir. 1987)).

The first and second factors weigh in favor of dismissing Plaintiff's claims against Leakes and Robinson. This Court has already given Plaintiff numerous extensions to serve these Defendants. *See* ECF Nos. 18, 28, 33. Additional time would not support expeditious resolution of this litigation. This Court has entered various orders on this issue, including an order directing the Attorney General's Office to provide Plaintiff with any available contact information of the unserved Defendants—to no avail. ECF No. 30. Dismissing these Defendants would allow this Court to manage its docket more easily.

The third factor is difficult to weigh, since the exact whereabouts and identities[1] of these Defendants are unknown. They arguably face a disadvantage by being parties to a lawsuit while being "entirely unaware" of this fact since Plaintiff has failed to properly identify them. *Ferdik*, 963 F.2d at 1262. There is a presumption of injury, however, from unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor weighs against dismissal, since disposition of cases on their merits is preferable to the alternative.

The final factor weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (citing *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981)). Plaintiff was asked to file a notice

[1] The only address Plaintiff provided for these Defendants is that of the Nevada Department of Corrections in Carson City, which refused to accept service. ECF Nos. 26, 27. Additionally, Robinson is only referred to as "Dr. Robinson," with no first name. *Id.* The Attorney General's Office was also unable to determine who these Defendants are. ECF No. 32.

regarding the status of service, which he ultimately failed to do. ECF Nos. 22, 28. Plaintiff then filed a motion requesting the Attorney General's Office provide the last-known addresses of Leakes and Robinson, which this Court granted. ECF No. 30. This Court subsequently extended the service deadline to July 13, 2026, and warned Plaintiff that failure to timely serve these Defendants would "likely result in a recommendation that they be dismissed without prejudice from the case." ECF No. 33.

This warning was repeated in a subsequent order, where Plaintiff was also informed of the option to file a discovery motion for the purpose of locating or serving these Defendants. ECF No. 36. He did not do so.

On balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (holding dismissal is proper where at least four factors support dismissal or where at least three factors "strongly" support dismissal).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's claims against Leakes and Robinson be **DISMISSED** without prejudice for failure to comply with this Court's order and timely serve these Defendants.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 17, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE